

**FILED**

FEB - 5 2014

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

MINH-DUNG T. NGUYEN,
      Plaintiff,

Civ. 12-01009

-vs-

REPORT AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration.

      Plaintiff Minh-Dung T. Nguyen (hereinafter "Claimant") protectively filed for Supplemental Security Income (SSI) in September 2008. After her application was denied, the matter was heard by an administrative law judge. At the conclusion of the first administrative hearing, Claimant was sent out for a consultative evaluation. Trans. 73. The consultative evaluation was completed by Dr. John C. Vidoloff who also ordered a limited number of x-rays. Trans. 500 - 513. A supplemental hearing was then held at Claimant's request.

      Claimant brought this action after the Administrative Law Judge's determination, dated January 25, 2011, that Claimant is not disabled under § 1614(a)(3)(A) of the Social Security Act. Claimant has filed a Motion for Summary Judgment and/or Remand; Defendant has filed a Motion for Order Affirming Commissioner's Decision or for Other Relief. The matter was referred to the undersigned United States Magistrate Judge who now submits the following report and recommends that the District Court grant the Motion for Order Affirming Commissioner's Decision.

      The basic definition of disability is given at 20 C.F.R. § 416.905 as follows:

      (a) The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment(s) that makes you unable to do your past relevant work (see § 416.960(b)) or any other substantial gainful work that exists in the national economy. If your severe impairment(s) does not meet or medically equal a listing in appendix 1 to subpart P of part

404 of this chapter, we will assess your residual functional capacity as provided in §§ 416.920(e) and 416.945. (See § 416.920(g)(2) and 416.962 for an exception to this rule.) We will use this residual functional capacity assessment to determine if you can do your past relevant work. If we find that you cannot do your past relevant work, we will use the same residual functional capacity assessment and your vocational factors of age, education, and work experience to determine if you can do other work. (See § 416.920(h) for an exception to this rule.)

The Administrative Law Judge properly applied the appropriate definition of disability and properly followed the five-step sequential process of 20 C.F.R. § 416.920.[1] In summary, the required steps considered by the Administrative Law Judge are whether Claimant:

1. Engaged in substantial gainful activity during the alleged period of disability;
2. Had a severe impairment;
3. Had a condition which met or equaled the severity of a listed impairment;
4. Had the ability to do physical and mental work activities on a sustained basis despite any limitations from her impairments (residual functional capacity), and can perform her past relevant work; and, if not,
5. Could perform other work in the nation economy.

INTRODUCTION

---

[1]20 C.F.R. § 416.920 explains the steps:

(I) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. See paragraphs (f) and (h) of this section and § 416.960(b).

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. See paragraphs (g) and (h) of this section and § 416.960(c).

Minh-Dung Nguyen is from Aberdeen, South Dakota. Her testimony is on pages 45 to 66 of the Transcript. She testified to the following information. At the time of the hearing, she was 43 years old and has a Master's Degree in Information Management Systems. She had been unemployed since 1998.

Claimant testified that she is unable to work because she cannot stand for a prolonged period, she cannot use a computer because sitting at a computer causes swelling of her upper body. Claimant also said that she becomes dizzy and her upper body swells if she works at a computer. Her shoulder joint also swells when she works at a computer and she has problems breathing. She is, however, able to drive a car.

She is not covered by medical insurance and the lack of coverage has kept her from seeking medical treatment on an on-going basis. Claimant stated that she sees Dr. Steven Redmond when she is able to do so. She acknowledged that Dr. Redmond has not placed any medical restrictions on Claimant's activities. Trans. 55.

Claimant is able to take care of her own personal activities. She lives alone and is able to cook, shop, and do laundry. She has sleeping difficulties and problems with her bowel movements.

Claimant testified that she is not able to sit for more than an hour without shifting positions and cannot sit for more than one hour in an eight-hour day. She is unable to stand for more than one-half an hour. She is unable to work more than three days in a week because of her inability to walk for any prolonged distance or time. She cannot carry a gallon of water without dropping it and cannot bend forward farther than to touch her knees. She testified that she cannot squat to the floor and cannot go up and down a flight of stairs. She also experiences problems with her hands and fingers going numb. Trans. 45 - 66.

The complaints voiced by Claimant, however, are largely not supported by medical records. When the medical opinions do not support Claimant's positions, she often refers to medical professionals as liars. For example, on pages 2 and 3 of her Complaint (Doc. 1), Claimant alleges Dr. Vidoloff's reports contain lies and in her Motion for Summary Judgment and/or Remand (Doc. 18), Claimant, on page 12, accuses Dr. Stephen Peters and Dr. Les H. Lenter of lies. Similarly, she accuses the Administrative Law Judge of falsifying records (an example can be located on page 3 of her Complaint (Doc. 1)).

Complaint failed, for the most part, to produce medical evidence to contradict the "lies" that she identified.

## ISSUES RAISED

Under 20 C.F.R. § 416.1470(a), Claimant argues that the ALJ's Decision and conduct of the hearing involved errors of law and that the action, findings or conclusions of the administrative law judge are not supported by substantial evidence.

The Court reviews the decision of the Commissioner (the defendant in this case) to determine if his findings are supported by substantial evidence. If substantial evidence supports the Commissioner's finding, that finding is conclusive. 42 U.S.C. § 405(g). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. Richardson v. Perales, 402 U.S. 3879, 390, 401 (1971).

### Errors of Law

In her Complaint, Claimant raises two errors of law (Doc. 1, page 2):

1.     The ALJ wrongly refused to subpoena medical doctors / radiologists; and

2.     The ALJ wrongly denied x-ray films as evidence.

The ALJ properly denied Claimant's request for subpoenas. Pursuant to 20 C.F.R. § 404.950(d)(2), she sought the appearance of Dr. Stephen Peters, Dr. Les H. Lenter, and Dr. John Vidoloff at her supplemental hearing. A successful request for subpoenas must (1) give the names of the witnesses or documents to be produced; (2) describe the address or location of the witnesses or documents with sufficient detail to find them; (3) state the important facts that the witness or document is expected to prove; and (4) indicate why these facts could not be proven without issuing a subpoena.

In her requests, Claimant gave the names and addresses of the doctors and listed the important facts that the witnesses or documents were expected to prove[2]. The ALJ denied the request for subpoenas, however, because Claimant wholly failed to indicate why the facts could not be proven without issuing the requested subpoenas. Trans. 10 and 30. Claimant could have obtained the requested information through interrogatories or perhaps other means of discovery. See, Passmore v. Astrue, 533 F.3d 658, 666 (8th Cir. 2008) (information could have been obtained through interrogatories).

Because Claimant did not comply with 20 C.F.R. § 404.950(d)(2), the ALJ did not abuse his discretion in denying the requests for subpoenas and no error of law was committed.

The ALJ properly refused to receive the x-ray films as evidence. The reports from Dr. Peters and Dr. Lenter were admitted without objection. The reports, which are part of Exhibit F-14 are included as pages 510 through 513 of the transcript of the proceedings. Trans. 26.

---

[2]Although Claimant listed the important facts she expected the doctors to prove, even in her request for subpoenas, she called them liars, described their reports as ridiculous and describes Dr. Peters and Dr. Lenter as "malicious". It is unlikely that the doctors themselves would help her prove her characterizations of the doctors..

Page -4-

After the radiologists reports were admitted, Claimant sought to admit the x-ray films to challenge the reports of Dr. Peters and Dr. Lenter. Claimant did not proffer any additional medical reports or evidence to aid the ALJ in interpreting the x-ray films. Without such additional reports or expert testimony, the x-rays do not aid the ALJ, the fact-finder in this case, in determining whether Claimant is entitled to benefits and are not useful in determining if Claimant is entitled to benefits. Because of the x-rays alone, without expert interpretation, do not make any fact more or less probable, they are irrelevant under Rule 401 of the Federal Rules of Evidence.

## Five-Step Sequential Process

ALJ Maxwell followed the required sequential process to reach his decision in this case.

1.    Claimant has not engaged in substantial gainful activity since September 15, 2008. Trans. 12.

The finding of the ALJ is not disputed.

2.    Claimant has a severe impairment because of the arthritis in her hips and knees.

The Physical Residual Functional Capacity Assessment completed by Dr. Kevin Whittle dated November 6, 2008 support the finding of a severe impairment. Dr. Whittle notes, however, that Claimant's subjective complaints are out of proportion to objective medical evidence. Trans. 388.

Claimant complained of additional ailments (hemorrhoids, constipation, and vomiting), however, no evidence was presented to show that those maladies significantly limit her ability to do basic work activities. Moreover, since the ALJ found a severe impairment, he continued on to step three.

3.    Claimant's impairment does not meet or equal the severity of a listed impairment.

Claimant focuses on the 20 C.F.R. pt. 404, subpt. P, appx 1 § 1.00B2b(2) which actually defines the ability to ambulate effectively. The listed impairment is in § 1.02 which lists the impairment of the major dysfunction of a joint. The criteria for the listed impairment includes gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints with the involvement of one major peripheral weight-bearing joint resulting in the inability to ambulate effectively or involvement of one major peripheral

joint in each upper extremity resulting in inability to perform fine and gross movements effectively.

The record does not disclose any gross deformity. Claimant has normal range of motion in her knees, Trans. 501, and shoulders, Trans. 502. Her subjectively complaints are not reflected in the medicals reports.

The ALR's determination that Claimant does not meet the criteria of a listed impairment is supported by the evidence received in this case.

4.    Claimant does not have a past relevant work history but does have the residual capacity to perform a range of light work.

The ALJ throughly reviewed the evidence in making this finding and detailed his basis for his finding on pages 14 - 16 of his decision. His finding was based on all the evidence in the record, including the relevant medical evidence. 20 C.F.R. § 416.945. Although Claimant's impairment could reasonably be expected to cause the symptoms she discussed in her hearing testimony, the medical evidence is inconsistent with her description of the intensity, persistence, and limiting effects of her symptoms.

In 2008, Claimant was examined by Dr. Steven Redmond. She presented a history of osteoarthritis with joint pain. She described her discomfort as mild and symptoms that were mild or transient with episodic flare-ups. Trans. 486. Her neurological examination showed reflexes, gait and coordination all intact. Trans. 487.

Again, in 2009, Claimant was seen by Dr. Redmond and had an essentially normal physical examination with no apparent distress and her motor sensory function, reflexes, gait and coordination all intact. Trans. 485.

In 2010, Claimant was examined by Dr. John C. Vidoloff. She reported numbness in her right knee cap and leg but denied swelling of her knees. She reported that the pain in her knee was not as severe as in the past when she had a lot of pain but now she has very little pain. The pain in her back and knee comes and goes.

Dr. Vidoloff noted that Claimant is ambulatory with a normal heel toe gait but that she walks slowly. She is able to get up on her toes and walk on her toes; she is also able to get up on her heels and walk on her heels.

An examination of her knees indicated no pain, no redness, no swelling or puffiness. Range of motion for her knees, as well as all her joints generally, was within normal limits.

Claimant reported she is able to dress herself, feed herself with silverware, and perform self care activities. (As noted above, she lives alone and is able to care for herself.) Trans. 500 - 502.

Dr. Vidoloff summarized, "Ms. Nguyen sees herself as unable to do any work. Her complains [sic] are not consistent with her presentation." Trans. 503.

Page -6-

In short, Claimant's allegations of the severity of her limitations and impairments are not supported by the medical evidence. 20 C.F.R. § 404.1529 guides the ALJ in evaluating symptoms, including pain, and the extent to which Claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. The ALR correctly considered all of the evidence, when he evaluated the intensity and persistence of Claimant's symptoms, and reviewed her history, x-rays reports, Claimant's statements, and reports from medical professionals.

Claimant did not present medical evidence to contradict the medical findings in the record. Nor did she produce any other witnesses to verify her complaints of pain. She chose instead to repeatedly call the doctors and their staffs liars (examples can be found at Trans. 247, 425, Doc. 1 at pages 2 and 3, and Doc. 27 at page 8) and accusing the ALJ of falsifying the record (examples can be found at Doc. 1 at pages 3 and eight, and Doc. 27 at page 8).

The finding of the ALJ is supported by the evidence presented in this case. His findings of severity of Claimant's limitations are supported by the record, particularly the medical reports.

5. Considering Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

Claimant does not challenge this finding. Doc 27 at page 17 and the finding is supported by the record, particularly the testimony of the vocational expert based on properly presented hypothetical questions. Claimant can work as a food and beverage order clerk or an optical goods worker.

Based on the above, it is recommended the Decision of the Administrative Law Judge be affirmed, that Claimant's Motion for Summary Judgment and/or Remand be denied and that the Motion for Order Affirming Commissioner's Decision or Other Relief be granted by affirming the Commissioner's Decision.

Dated February 5, 2014 at Aberdeen, South Dakota.

William D. Gerdes
US Magistrate Judge

**NOTICE**

Failure to file written objections to the within and foregoing Report and Recommendations for Disposition within fourteen (14) days from the date of service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned United States District Judge. <u>See</u> 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).