UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MINH-DUNG T. NGUYEN,  Plaintiff,  -vs-  CAROLYN W. COLVIN, Acting Commissioner of Social Security,  Defendant. | CIV 12-1009  ORDER ADOPTING REPORT AND RECOMMENDATION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of defendant's final decision denying plaintiff's claim for disability insurance benefits. This matter was referred to United States Magistrate Judge William D. Gerdes for the purposes of conducting any necessary hearing and issuing a report and recommendation.

The magistrate filed his Report and Recommendation. Copies of such Report and Recommendation were served upon the parties as required by 28 U.S.C. § 636. Plaintiff filed objections. I have conducted a *de novo* review of the file and the report as required by 28 U.S.C. § 636(b)(1). I find that the Commissioner's decision is supported by substantial evidence on the record as a whole.

## BACKGROUND

Plaintiff was born in 1966. She lived and worked in Aberdeen, South Dakota, from 1992 to 1998. She graduated from Northern State University and obtained a master's degree from the University of Maryland through the Internet. She lived and worked in Florida from 2001 - 2002, while she was working on her Ph.D. in computer science. She claims she developed osteoarthritis and claims she was "fired" from the Ph.D. program because she was unable to sit at a computer. She moved to California in 2005 but returned to Aberdeen after her work hours were reduced.

Plaintiff filed a disability claim in 2004, which was denied on September 7, 2006. She filed a second claim in 2008, claiming a disability onset date of September 8, 2006.

Plaintiff's claim was denied on November 6, 2008. Plaintiff filed a request for reconsideration on December 29, 2008. Her claim was denied on reconsideration on February 11, 2009, on the following basis:

> You state that you are disabled due to osteoarthritis in (sic) limbs, including both knees, both hands, both elbows, both shoulders as well as the hip and your back. Although you have pain, it does not severely limit normal daily activities. X-rays do not show severe damage. There is no indication of joint damage which would result in severe weakness or loss of function. There is no indication of nerve or muscle damage which would result in severe weakness or loss of function. The reports do not show any other condition that would severely limit the ability to work. Considering medical records, age, education and work history, we have concluded that you are able to do work that doesn't require heavy lifting or extensive standing or walking.

On April 9, 2009, plaintiff requested a hearing before an ALJ. She claimed the reconsideration denial notice ignored "the lies in the Xray reports." She went into great medical detail as to why she believed the "normal" x-ray reports were "lies by the Radiologists." She contended the denial "ignored the severity already included in my medical treatment records." She outlined in great detail why the medicines prescribed by physicians clearly show that her degenerative condition was severe, including her assertion that Flonase nasal spray was prescribed

> to relieve the condition of being hard to breathe as a result of swelling of the glenohumeral joint of the left shoulder which created pressure in the chest area . . . The Flonase prescription can tell that the use of steroid, a powerful anti-inflammatory medicine, has been already needed since 2006 to reduce swelling of the joints.

She continued to outline in detail how her previous medical history and prescribed medications showed the severity of the swelling in her joints. Finally, she claimed the denial was in error because her request for a physical examination at the Social Security Administration's expense was denied even though such examination would show the now-visible damages of the osteoarthritis disease.

A hearing was held on July 16, 2010, before ALJ Robert Maxwell. William Tucker, a vocational expert, was present. Following the hearing, the ALJ ordered a medical consultive examination. On October 4, 2010, plaintiff was examined by Dr. John Vidoloff. Dr. Vidoloff reported that plaintiff's physical complaints were not consistent with her presentation. He ordered x-rays of her shoulders, right wrist and hand and the radiology reports were negative for any significant degenerative change. Plaintiff requested a supplemental hearing and a supplemental hearing was held before the ALJ on January 12, 2011. Plaintiff appeared at the hearing, waived advance written notice of the hearing, and testified that she disagreed with Dr. Vidoloff's report and that his report was a lie.

Plaintiff sought to subpoena the radiologists who reviewed her x-rays so that she could cross-examine them about their reports. The ALJ denied the requests. Plaintiff also sought to introduce the actual x-ray films into evidence to show that the reports were wrong and she did in fact have a severe impairment. That request was also denied.

The Administrative Law Judge ("ALJ") issued a decision on January 25, 2011, denying plaintiff's claim for disability. Plaintiff filed a request for review of the ALJ's decision. She contended that the ALJ made errors of law as follows:

1. He did not study the definition of terms used in the regulations.
2. Written notice of the date/time of the supplemental hearing was not given in advance.
3. He wrongly refused to subpoena medical doctors/
4. He did not cite the regulation upon which he based his denial of x-ray films as evidence.

Plaintiff contended that the ALJ's findings and conclusions were not supported by substantial evidence as follows.

1. The ALJ omitted medical documents that showed the amount of joint damage.
2. The ALJ denied visible physical evidence.
3. The ALJ's evaluation conflicted with Dr. Vidoloff's assessment.
4. The ALJ falsified records.

The Appeals council denied her request for review on March 6, 2012. The ALJ's decision is thus deemed the final decision of the Commissioner. Phillips v. Colvin, 721 F.3d 623, 625 (8th Cir. 2013). Plaintiff filed the instant appeal in federal district court.

3

## DECISION

"To be eligible for disability insurance benefits, a claimant has the burden of establishing the existence of a disability under the Act." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). Judicial review of the Commissioner's decision that claimant has failed to establish by a preponderance of the evidence that she is disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole. Kamann v. Colvin, 721 F.3d 945, 950 (8th Cir. 2013). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." Kamann v. Colvin, 721 F.3d at 950 (*quoting* Kelley v. Callahan, 133 F.3d 583, 587 (8th Cir.1998)). "We consider both evidence that detracts from the ALJ's decision, as well as evidence that supports it, but we will not reverse simply because some evidence supports a conclusion other than that reached by the ALJ." McDade v. Astrue, 720 F.3d 994, 998 (8th Cir. 2013) (internal citations omitted). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

The ALJ used the familiar five-step sequential evaluation to determine disability:

In step one, the ALJ decides whether the claimant is currently engaging in substantial gainful activity; if the claimant is working, he is not eligible for disability insurance benefits. In step two, the ALJ determines whether the claimant is suffering from a severe impairment. If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits. At the third step, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in Appendix 1 of the regulations (the "listings"). If the claimant's impairment meets or equals one of the listed impairments, he is entitled to benefits; if not, the ALJ proceeds to step four. At step four, the ALJ determines whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. If the claimant remains able to perform that past relevant work, he is not entitled to disability insurance benefits. If he is not capable of performing past relevant work, the ALJ proceeds to step five and considers whether there exist work opportunities in the national economy that the claimant can perform given his or her medical impairments, age, education, past work experience, and RFC. If the Commissioner demonstrates that such work exists, the claimant is not entitled to disability insurance benefits.

McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011) (internal C.F.R. citations omitted).

Plaintiff must be "disabled" to qualify for benefits under the Social Security Act. Martise v. Astrue, 641 F.3d 909, 921 (8th Cir. 2011). "The Act considers an individual 'disabled' 'if [s]he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.' 42 U.S.C. § 1382c(a)(3)(A)." Martise v. Astrue, 641 F.3d at 921. The ALJ determined that plaintiff has arthritis, including degenerative joint disease of her hip and knees, that the impairment is severe, and that the impairment more than minimally interferes with her ability to work. The ALJ rejected any claim that plaintiff's complaints of hemorrhoids, constipation, vomiting, dizziness, and pain interfered with her ability to work for a full consecutive 12 month period. The ALJ determined that plaintiff's impairment, singly or in combination with any other impairments, does not meet the requirements of any listed impairment.

Plaintiff's first objection to the disability determination process has been that the Commissioner relied upon x-ray reports and refused to consider the actual x-ray films as evidence of disability. Plaintiff claims the x-ray reports on x-rays taken between 2006 and 2010, together with her testimony concerning her limitations, "are obvious evidence against lies in the Xray reports." She contends that she has conducted a detailed viewing of the films based upon documents form the National Institute of Arthritis and Musculoskeletal and Skin Diseases and the Academy of Orthopedic Surgeons and is competent to testify that the films show "bone touching bone" and are evidence of osteoarthritis. She sought to subpoena the radiologists that issued the reports to question them about the actual films and prove that their reports of "normal" were lies. Plaintiff is not trained in radiology and it was not error for the ALJ to refuse her an opportunity to present her "expert" opinion as to what the films show.

Plaintiff contends the ALJ erred when he refused to issue subpoenas to the radiologists who issued reports interpreting her x-rays. The ALJ denied her request for subpoenas pursuant to 20 C.F.R. § 404.950(d)(1). It was not error to refuse her requests to subpoena the radiologists who issued the reports showing that her x-rays were normal. These reports were generated during the course of her treatment by her own treating physicians and were not generated as part

of her application for disability benefits. That the reports were adverse to plaintifff's claim does not prevent the ALJ from relying upon the reports. Richardson v. Perales, 402 U.S. 389, 404, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971). Plaintiff had no absolute right to cross-examine her own treating physicians. Passmore v. Astrue, 533 F.3d 658, 662 (8th Cir. 2008). The ALJ was within his discretion to deny plaintiff the opportunity to cross-examine her own physicians. The reports, along with all the other evidence received at the hearing, were properly received pursuant to 42 U.S.C. § 405(b)(1).

Plaintiff sought medical treatment for dizziness, constipation, hemorrhoids, and vomiting. She claims these are symptoms that show she does in fact have degenerative disease in her spine and joints. She also sought treatment complaining of swelling, difficulty moving her joints, and pain. She was occasionally prescribed medications to treat these maladies. Medical records show that in 2004 - 2007, she was seen on different occasions and diagnosed with low back pain, swelling of the upper back, osteoarthritis of the hands, stiffness and pain in the shoulder, and joint damage. She was at one time referred for physical therapy and prescribed a knee brace. However, none of her medical records show that the conditions were ongoing or rose to the level of disabling. None of plaintiff's treating physicians issued any opinion that she was disabled or that any of her medical complaints interfered with her ability to work.

In 2004, Dr. Steven Redmond issued a report to Disability Determination Services finding that plaintiff has "chronic low back pain and chronic knee pain that comes and goes." He found, based upon his examination, that she could lift and carry thirty pounds frequently, had no limitations on standing or walking, would need breaks during an eight hour day from sitting after two hours, and should avoid climbing and kneeling. On November 6, 2008, Dr. Kevin Whittle completed a residual functional capacities assessment wherein he set forth her claimed symptoms, noted that she had arthritis and degenerative joint disease in the hips and knees but noted that plaintiff's "subjective complaints [are] out of proportion to objective medical evidence."

The ALJ found the plaintiff's claims regarding the extent of her limitations to not be credible.

> Although an ALJ may reject a claimant's subjective allegations of pain and limitation, in doing so the ALJ "must make an express credibility determination detailing the reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors." *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir.1998).

Burress v. Apfel, 141 F.3d 875, 880-81 (8th Cir. 1998). "Polaski requires the ALJ to consider: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir.1996) *citing Hall v. Chater*, 62 F.3d 220, 223 (8th Cir.1995)." Burress v. Apfel, 141 F.3d at 881 n. 10. The ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints . . . The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* "The ALJ [is] not required to discuss methodically each Polaski consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." McDade v. Astrue, 720 F.3d at 998 (*quoting* Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000)).

The ALJ did consider the foregoing, although not by specifically naming the Polaski factors. Under Polaski, the ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." Polaski v. Heckler, 739 F.2d at 1332. In the present case, the objective medical evidence does not support the plaintiff's subjective complaints "at all." "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." Perkins v. Astrue, 648 F.3d 892, 900 (8th Cir. 2011) (*quoting* Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996)).

Plaintiff claims the ALJ erred in rejecting her claimed functional limitations. "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's

7

[residual functional capacity]." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ determines a claimant's functional capacity "based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." Id.

Plaintiff contends that the ALJ failed to even consider that in 2002, as part of her worker's compensation claim, she was restricted from kneeling, climbing, and squatting (in her request for a supplemental hearing she denied that she had filed a worker's compensation claim but only had a medical exam). She also contends that the ALJ failed to consider the ALJ's 2006 determination in denying her first request for disability benefits that she suffered from pain and was restricted from overhead reaching. Those matters are not part of the record. In any event, the ALJ in this matter referred plaintiff for a current medical examination and considered current functional capacities assessments, upon which he properly relied. Plaintiff's claimed functional limitations were properly rejected by the ALJ.

Ultimately, plaintiff "bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment." Kamann v. Colvin, 721 F.3d at 950. She did not satisfy her burden. As is true in most disability claims, plaintiff is experiencing medical issues that cause her pain and difficulty. The issue is, however, whether her medical condition prevents her from working. The ALJ determined that her condition is not disabling within the meaning of the Social Security Act. The decision of the ALJ is supported by substantial evidence on the record as a whole.

## CONCLUSION

I find that the Commissioner's decision is supported by substantial evidence on the record as a whole. Accordingly,

IT IS ORDERED:

1) The Report and Recommendations of the U.S. Magistrate Judge (Doc. 30) is accepted and adopted.

2) The motion (Doc. 18) and the amended motion of the plaintiff (Doc. 20) for summary judgment or remand are denied.

3) The motion of the Commissioner (Doc. 25) for summary judgment is granted.

4) The objections of the plaintiff (Doc. 31) to the magistrate's Report and Recommendation are overruled.

5) The final administrative decision to the effect that the claimant is not eligible for benefits under the Social Security Act is affirmed.

Dated this 13th day of March, 2014.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Paepke*
DEPUTY
(SEAL)